UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TAMMATHA M. GEIGER** | : | **DOCKET NO. 06 CV 816** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **LINDA S. MCMAHON, ACTION COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Presently before the court is plaintiff's petition for judicial review of the defendant's denial of social security benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find that the Secretary's decision is not supported by substantial evidence in the record and is not consistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

### BACKGROUND

Tammatha M. Geiger filed the instant applications for Disability Insurance Benefits and Supplemental Security Income payments alleging disability due to a herniated nucleus pulposus, spondylosis, and spinal stenosis.. (Tr. 40-42, 47, 213-14). The claims were denied at the initial stage of the administrative process. Thereafter, Geiger requested, and received a August 9, 2005, hearing before an ALJ. (Tr. 219). However, in a October 20, 2005, written decision, the ALJ determined that Geiger was not disabled under the Act, finding at Step Five of the sequential

evaluation process that she retained the residual functional capacity to perform a limited range of light work and that there were jobs existing in significant numbers in the national economy that she could perform. (Tr. 18-19). Geiger appealed the adverse decision to the Appeals Council. Yet, on March 21, 2006, the Appeals Council denied Geiger's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th

Cir. 1994).

## LAW AND ANALYSIS

The Commissioner evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Commissioner's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Commissioner to establish that the claimant can perform other work. If the Commissioner meets this burden, then the claimant must then prove that she cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

Plaintiff filed this action seeking judicial review of the denial of benefits. She claims the following errors:

(1) The ALJ's RFC evaluation was not supported by substantial evidence;

(2) The ALJ erred in failing to fully credit Plaintiff's complaints of pain;

(3) The ALJ erred in concluding that Plaintiff did not meet listing § 1.05.

The ALJ found that Plaintiff suffers from degenerative lumbar disc disease with a slight nerve impingement and mild radiculopathy and that these conditions resulted in a severe

impairment. He further found:

> The claimant retains the residual functional capacity to perform light work characterized by the ability to lift and carry up to 20 pounds with lifting up to 10 pounds frequently, standing/walking of up to 6 hours in an 8-hour workday, and sitting for up to 6 hours in an 8-hour workday, but it is compromised by the necessity to sit and stand at intervals of 15 to 30 minutes with limited flexion while wearing an ankle brace. (Tr. 19).[1]

Plaintiff's testimony is inconsistent with the ALJ's RFC. (Tr. 226-235). The only evidence in the record that specifically supports the ALJ's findings regarding Plaintiff's RFC is the Physical Residual Functional Capacity Assessment of a non-examining physician. (Tr. 173-181). Reports of non-examining physicians alone do not provide substantial evidence. *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980). Neither do they provide substantial evidence where they contradict or are unsupported by findings made an examining physician. *Villa v. Sullivan*, 895 F.2d 1019, 1023-4 (5th Cir. 1990).

Subsequent to the ALJ's decision Plaintiff filed an assessment by Dr. Bernauer of Plaintiff's ability to do work-related activities. (Tr. 216-218). This assessment was inconsistent with the RFC assessment of the non-examining physician. Dr Bernauer's RFC assessment was submitted to the Appeals Council. Thus, the evidence constitutes part of the instant record – provided that it was new, material and related to the period before the ALJ's decision. *See,*

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §404.1567(b).

*Higginbotham v. Barnhart* 405 F.3d 332 (5th Cir. 2005); 20 C.F.R. § 404.970(b).[2] Dr. Bernauer's assessment was obviously "new." There is no other similar assessment by him in the record, and it is dated just after the ALJ's decision. I also appears to be material in that it contradicts the RFC assessment of the ALJ. It also appears to be relevant to the period prior to the ALJ's decision in that it is dated just after the ALJ's decision, and there is no indication that Plaintiff's condition worsened in the interim. In fact, there is no indication that Dr. Bernauer saw Plaintiff between the ALJ's decision and the date of his assessment. Accordingly, Dr. Bernauer's assessment is part of the record. Since it directly contradicts the findings of the non-examining physician the report of the non-examining physician is not substantial evidence that would support the conclusions of the ALJ with regard to Plaintiff's RFC. Having reviewed the record and found no other such evidence this court must conclude that the ALJ's RFC is not supported by substantial evidence.[3]

Accordingly, it is

IT IS RECOMMENDED that this matter be REVERSED and REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this opinion.

---

[2] *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs.* as support for its finding that post-ALJ evidence is to be considered part of the record. *See, Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*, *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)). Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ decisional period. *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. § 404.970(b)).

[3] This conclusion makes it unnecessary to reach Plaintiff's other claimed errors.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 21st day of May, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE